1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10    DAVID W. LILLY,

11                    Petitioner,              No. CIV S-08-1054 JAM EFB P

12            vs.

13    VICTOR ALMAGER, Warden,[1] et al.,

14                    Respondents.              FINDINGS AND RECOMMENDATIONS

15    _____/

16            Petitioner is a state prisoner without counsel seeking a writ of habeas corpus.  *See* 28

17    U.S.C. § 2254.  This action proceeds on the May 13, 2008 petition.[2]  Respondent moves to

18    dismiss this action upon the ground that the petition is untimely.  For the reasons explained

19    below, the court finds that respondent's motion must be granted.

20    ////

21    ////

22    _____

23            [1] D.K. Sisto is substituted as respondent.  *See* Rule 2(a), Rules Governing § 2254
      Proceedings; Fed. R. Civ. P. 25(d).

24            [2] The court deems the filing date for each of petitioner's habeas petitions to be the date
      reflected on the certificate of service for the respective petitions.  *See Houston v. Lack*, 487 U.S.
25    266, 276 (1988) (prisoner's notice of appeal deemed timely filed on the date it was delivered to
      prison staff for delivery to the court); *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002)
26    (applying mailbox rule to petitions filed in state court).

1  **I.      Procedural History**

2       On November 22, 1999, petitioner was convicted in the Kern County Superior Court of

3  possession of cocaine.  The judgment included a finding as true a number of sentencing

4  enhancements.  Resp.'s Mot. To Dism., Docs. Lodged in Supp. Thereof ("Lodged Doc.") 1.  The

5  superior court sentenced petitioner to an indeterminate state prison term of twenty-seven years to

6  life.  *Id.*  On May 25, 2001, the California Court of Appeal, Fifth Appellate District, affirmed the

7  judgment.  Lodged Doc. 2.  On August 8, 2001, the California Supreme Court denied review.

8  Lodged Doc. 4.

9       Petitioner subsequently filed in state court three post-conviction collateral challenges.

10  He filed a petition in the trial court on June 4, 2007, which was denied on August 2, 2007.

11  Lodged Docs. 5, 6.  He filed a petition in the appellate court on August 16, 2007, which was

12  denied on August 23, 2007.  Lodged Docs. 7, 8.  Finally, he filed a petition in the California

13  Supreme Court on October 1, 2007.  Lodged Doc. 9.  The supreme court denied the petition on

14  March 19, 2008, after receiving a supplemental petition from petitioner on January 3, 2008.

15  Lodged Docs. 10, 11.  Petitioner filed the instant action on May 13, 2008.

16  **II.     Statute of Limitations**

17       A one-year limitation period for seeking federal habeas relief begins to run from the

18  latest of the date the judgment became final on direct review, the date on which a state-created

19  impediment to filing is removed, the date the United States Supreme Court makes a new rule

20  retroactively applicable to cases on collateral review or the date on which the factual predicate of

21  a claim could have been discovered through the exercise of due diligence.  28 U.S.C.

22  § 2244(d)(1).  The judgment on direct review becomes final when the 90-day limit for filing a

23  petition for certiorari expires.  *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999).

24       The limitations period "is not tolled from the time a final decision is issued on direct state

25  appeal [to] the time the first state collateral challenge is filed." *Nino v. Galaza*, 183 F.3d 1003,

26  1006 (9th Cir. 1999).  The period is tolled, however, once a petitioner properly files a state post-

2

1   conviction application, and remains tolled for the entire time that application is "pending." 28

2   U.S.C. § 2244(d)(2) (statutory tolling). In California, a properly filed post-conviction

3   application is "pending" during the intervals between a lower court decision and filing a new

4   petition in a higher court. *Carey v. Saffold*, 536 U.S. 214, 223 (2002). A federal habeas

5   application does not toll the limitations period under 28 U.S.C. § 2244(d)(2). *Duncan v. Walker*,

6   533 U.S. 167, 181-82 (2001).

7          Additionally, the United States Supreme Court has recognized that a habeas petitioner

8   may be entitled to equitable tolling if he establishes two elements: (1) that he has been pursuing

9   his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v.*

10  *DiGuglielmo*, 544 U.S. 408, 418 (2005). In light of this pronouncement, the Ninth Circuit has

11  reiterated that the threshold necessary to trigger equitable tolling is very high, and clarified that

12  equitable tolling only applies where a petitioner shows that despite diligently pursuing his rights,

13  some external force caused the untimeliness. *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008,

14  1011 (9th Cir. 2009).

15         Petitioner has the burden of showing facts entitling him to statutory and equitable tolling.

16  *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002); *Miranda v. Castro*, 292 F.3d 1063, 1065

17  (9th Cir. 2002).

18  **III.    Analysis**

19         In this case, the statute of limitations began to run when petitioner's conviction became

20  final on direct review. *See* 28 U.S.C. § 2244(d)(1)(A). The California Supreme Court denied

21  review on August 8, 2001. Lodged Doc. 4. The conviction became "final" within the meaning

22  of section 2244(d)(1)(A) when the time for filing a petition for writ of certiorari expired ninety

23  days later, on November 6, 2001. Supreme Ct. R. 13; *Bowen*, 188 F.3d 1157. The one-year

24  limitations period commenced running the following day. *Patterson v. Stewart*, 251 F.3d 1243,

25  1246 (9th Cir. 2001). Thus, petitioner had until November 6, 2002 to file his federal habeas

26  petition. However, he did not file a petition in federal court until May 13, 2008. Absent tolling,

3

1    his application in this court is over five years late.

2            Petitioner offers several reasons for why this court should consider his petition timely.

3    First, citing to California law, he asserts that "an unlawful sentence can be corrected at any

4    time."  Pet'r Opp'n to Resp.'s Mot. to Dism. ("Pet'r Opp'n") at 2.  Even if the argument were a

5    correct statement of California law, "it does not in any way impugn the constitutionality of the

6    [federal] one-year limitation period . . . ."  *See Isabello v. Clark*, No. 1:08-cv-01597 TAG HC,

7    2008 U.S. Dist. LEXIS 99157, at *13-14 (E.D. Cal. Nov. 25, 2008).  Given the clear time

8    requirement set forth in § 2244(d)(1), petitioner's argument lacks merit.

9            Next, petitioner contends that California has not specified a time period within which

10   habeas petitions must be filed, and that its timeliness rules are so vague and ambiguous that they

11   are rendered arbitrary.  Pet'r Opp'n at 6-7.  Petitioner asserts, therefore, that California's

12   untimeliness rule is not an independent and adequate state procedural ground for denying habeas

13   relief.  *Id.*  Indeed, the Court of Appeals for the Ninth Circuit has concluded that a ruling of a

14   California court that a habeas petition is untimely is not an adequate ground for barring federal

15   review on the merits of a habeas petition.  *Townsend v. Knowles*, 562 F.3d 1200, 1208 (9th Cir.

16   2009) (finding the state "failed to meet its burden of proving that California's timeliness bar was

17   sufficiently clear and certain to be an adequate state bar.").   Here, however, dismissal is

18   warranted based on the federal statute of limitations, not on the ruling of a state court.

19   Therefore, as discussed below, petitioner's argument regarding whether there is an adequate state

20   procedural ground for denying federal habeas relief, therefore, is misplaced.

21           Petitioner also argues that the court should proceed directly to the merits of his petition in

22   order to maintain uniformity of federal law regarding what constitutes a "properly filed" and

23   "pending" application in state court.  Pet'r Opp'n at 3-4.  This argument is also misplaced.  The

24   court has no need to inquire as to whether any of petitioner's state post-conviction applications

25   were "properly filed" and "pending" for purposes of section 2244(d)(2).  Petitioner waited over

26   four years after the federal statute of limitations period expired before filing his first state habeas

                                                    4

petition.  *See* Lodged Doc. 5.  As noted, it is clear under federal law that the limitations period is not tolled from the time a final decision is issued on direct state appeal to the time the first state collateral challenge is filed.  *Nino*, 183 F.3d at 1006.  Since the federal limitations period ended before petitioner filed his first state post-conviction application, he is not entitled to statutory tolling.  *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (once limitations period ends, subsequently filed state court petition will not revive it).

Finally, petitioner has not presented any circumstances that would justify the application of equitable tolling in this case.  Accordingly, the petition is untimely and must be dismissed.

**IV.    Conclusion**

For the reasons stated, the court finds that the petition was filed beyond the one-year limitations period for federal habeas petitions and that petitioner is not entitled to statutory or equitable tolling.  Therefore, respondent's motion to dismiss this action as untimely must be granted.

Accordingly, it is hereby RECOMMENDED that respondent's motion to dismiss this action as untimely be granted and that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  September 3, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5